UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>vs.<br><br>JABARI L. MARSHALL, et al.,<br><br>                            Defendants. | Case No. 2:10-cr-00236-GMN-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Mtn to Dismiss - Dkt. #219) |

This matter is before the court on Defendant Jabari L. Marshall's Motion to Dismiss Second Superceding Indictment as to Defendant Jabari L. Marshall (Dkt. #219) filed October 25, 2012. The court has considered the Motion, the government's Response (Dkt. #222) filed November 7, 2012, and Marshall's Reply (Dkt. #227) filed November 19, 2012.

### BACKGROUND

On January 11, 2012, the grand jury returned a Second Superceding Indictment (Dkt. #114), charging Marshall with one count of Conspiracy to Commit Bank Fraud, Mail Fraud, and Wire Fraud in violation of 18 U.S.C. § 1349.[1] The Second Superceding Indictment alleges that Marshall conspired with certain of his co-Defendants between 2005 to April 2007 to defraud and obtain money and property by false and fraudulent pretenses, representations, and promises, using wire communications, commercial interstate carriers. It also alleges a scheme to defraud federally-insured financial institutions. Specifically, the government alleges the Defendants conspired to obtain mortgage loans from financial institutions by submitting false information in various straw buyers' loan applications and supporting documents. The government further alleges that after the mortgage loans were obtained, Defendants used the loan funds for their own use and benefit.

---

[1] Marshall was not charged in the original Indictment (Dkt. #1) or the First Superceding Indictment (Dkt. #67), returned by the grand jury on May 26, 2010, and June 8, 2011, respectively.

Marshall made an initial appearance with retained counsel, Mr. Danny J. Lovell, on the Second Superceding Indictment January 18, 2012, entered a not guilty plea, and was detained pending trial. *See* Minutes of Proceeding (Dkt. #126). Marshall appealed the Detention Order (Dkt. #133) to the district judge, who affirmed it on April 9, 2012. *See* Minutes of Proceeding (Dkt. #148). Marshall appealed the Detention Order to the Ninth Circuit on April 20, 2012. *See* Notice of Appeal (Dkt. #150). Mr. Lovell filed a motion to withdraw as counsel with the Ninth Circuit Court of Appeals, which granted Mr. Lovell leave to withdraw on May 3, 2012. *See* Order of USCA (Dkt. #157). The undersigned held a status conference on May 21, 2012, and after reviewing Marshall's financial affidavit, appointed attorney Stanley C. Hunterton to represent Marshall. *See* Minutes of Proceedings (Dkt. ##169, 170). In an Order (Dkt. #184) entered June 1, 2012, the Ninth Circuit affirmed the Detention Order, and the Mandate (Dkt. #189) was spread on the record on June 27, 2012. *See* Order on Mandate (Dkt. #191).

## DISCUSSION

**I.    The Parties' Positions.**

Marshall seeks an order dismissing the Second Superceding Indictment against him as barred by the applicable statute of limitations. He argues that pursuant to 18 U.S.C. § 3282(a), a criminal prosecution for a non-capital offense is prohibited unless an indictment is filed withing five years after the offense is alleged to have been committed. Marshall contends the discovery provided by the government does not show, and the Second Superceding Indictment does not allege, that Marshall acted in furtherance of the alleged conspiracy after December 18, 2006. Therefore, the five-year statute of limitations expired December 19, 2011. The government waited until January 11, 2012, to file the Second Superceding Indictment after the applicable statute of limitations, 18 U.S.C. § 3282(a), had expired. Additionally, Marshall contends that he withdrew from the alleged conspiracy on December 29, 2006.

The government opposes the Motion to Dismiss, asserting the applicable statute of limitations is ten years pursuant to 18 U.S.C. § 3293 (1) and (2) because Marshall is alleged to have conspired to violate 18 U.S.C. §§ 1341, 1343, and 1344, and the charged offense is alleged to have affected a financial institution. Accordingly, 18 U.S.C. § 3293 (1) and (2) is the applicable statute of limitations. However, even assuming Marshall is correct that the five-year statute of limitations set forth in § 3282

applies, the government has alleged specific acts occurred in furtherance of the conspiracy between August 25, 2005, and April 18, 2007. April 18, 2007, is within five years of the Second Superceding Indictment filed January 11, 2012, and Marshall is responsible for the conduct of his co-conspirators. Additionally, the government asserts that Marshall recruited his sister "J.M." to be a straw buyer for the purchase of 7185 Fairwind Acres Place, and that sale closed February 23, 2007. February 23, 2007, is also within five years of January 11, 2012. Applying either statute of limitations, the government asserts the Motion to Dismiss should be denied.

Marshall replies that the government is estopped from asserting that a ten-year statute of limitations applies because in its November 7, 2012, Response (Dkt. #221) to Marshall's Motion to Amend the Conditions of Release (Dkt. #220), the government argued that Marshall attempted to delay the government from seeking the Second Superceding Indictment until after the five-year statute of limitations had expired.

Marshall also attached an unsworn[2], unsigned statement to the Reply, given by Marshall's younger brother, Jalen Henry, to a private investigator on November 14, 2012. Mr. Henry's statement represents that he was present at a meeting between Marshall and co-Defendant Lloyd Gardley on December 23 or 24, 2006. At the meeting, Marshall told Gardley that Marshall would not "buy or sell any more houses for Lloyd Gardley and would not do credit for any more people to buy houses for Lloyd Gardley."[3] *See* Exhibit 1 to Reply. Relying on the Ninth Circuit's opinion in *United States v. Lothian*, Marshall asserts that a former conspirator cannot be held liable for acts performed by others after withdrawal from the conspiracy. *See* 976 F.2d 1257 (9th Cir. 1992) (citing *Levine v. United States,* 383 U.S. 265, 266 (1966)). Because Marshall withdrew from any alleged conspiracy on December 23 or 24, 2006, the five-year statute of limitations expired on December 25 or 26, 2011, before the Second Superceding Indictment was filed.

---

[2]The Reply states that Mr. Henry has agreed to sign the statement attached as Exhibit 1 as an affidavit, and counsel will provide the affidavit to the government and the court once executed. *See* Reply at 3 n.2.

[3]The Motion to Dismiss asserts Marshall withdrew from the conspiracy on December 29, 2006. The Reply does not explain why Marshall claims he withdrew on December 29, 2006, but his brother claims the meeting at which Marshall withdrew from the conspiracy occurred on December 23 or 24, 2006.

## II. **Applicable Law & Analysis.**

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip,* 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir.), *cert. denied,* 478 U.S. 1007 (1986)). Generally, the court should not consider evidence appearing outside the four corners of the indictment and "must accept the facts alleged in that indictment as true." *United States v. Ruiz-Castro*, 125 F. Supp. 2d 411, 413 (D. Haw. 2000) (citing *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954), *cert. denied*, 349 U.S. 922 (1955)). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983)). The court's inquiry must end there. Arguments directed at the merits of the claims must be left for trial.

The parties dispute whether a five year or a ten year statute of limitations applies to the charge alleged against Marshall in the Second Superceding Indictment. Marshall contends the five year statute of limitations set forth at 18 U.S.C. § 3282(a) applies, and the government asserts the ten year statute set forth at 18 U.S.C. § 3293 (1) and (2) applies. The government argues, in the alternative, that even if the five year statute of limitations applies, the Second Superceding Indictment alleges specific fraudulent transactions through April 18, 2007, for which Marshall is criminally liable as a co-conspirator. Thus, the Second Superceding Indictment was returned within five years of the existence of the conspiracy.

18 U.S.C. § 3282(a) provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." *Id.* 18 U.S.C. § 3293 provides a ten-year statute of limitations for a violation of, or a conspiracy to violate enumerated statutes including 18 U.S.C. § 1344 (bank fraud). *See* 18 U.S.C. § 3293(1). It also provides a ten-year statute of limitations for a violation of, or conspiracy to violate, both 18 U.S.C. § 1341 (mail fraud) and § 1343 (wire fraud) "if the offense

4

affects a financial institution." 18 U.S.C. § 3293(2).  Marshall is accused of violating 18 U.S.C. § 1349 by engaging in a conspiracy to commit wire fraud, bank fraud, and mail fraud.

   Whether 18 U.S.C. § 3282(a) or § 3293(1) and (2) applies depends on what, if anything, the government is able to prove at trial.  The Second Superceding Indictment alleges that the object of the conspiracy and scheme was to obtain mortgage loans from financial institutions by causing materially false information to be placed in straw buyers' loan applications and supporting documentation. *See* Second Superceding Indictment at ¶ 7.  It also alleges that the Defendants obtained money and property from financial institutions by causing money from the mortgage loans to be disbursed for their own use. *Id*.  The allegations concerning the manner and means by which the conspiracy was accomplished are various.  If the jury finds Marshall conspired to violate 18 U.S.C. § 1344 (bank fraud), the ten-year statute of limitations set forth at 18 U.S.C. § 3293(1) applies.  However, the government also alleges Marshall conspired to violate 18 U.S.C. §§ 1341 and 1343 (mail fraud and wire fraud, respectively).  If the jury finds Marshal conspired to violate §§ 1341 or 1343, the five-year statute of limitations applies unless the jury also finds that the mail and wire fraud conspiracy affected a financial institution.  If so, the ten-year statute of limitations set forth at 18 U.S.C. § 3282(a) applies.

   Marshall also maintains that the government should be estopped from asserting that the five-year statute applies because of an argument it made in Response (Dkt. #221) to Marshall's Motion to Amend the Conditions of Release (Dkt. #221).  The Response was filed the same day as the Opposition to this Motion to Dismiss.  In opposing Marshall's motion for release, the government argued,

> The window of time available to the government to indict [Marshall] before the statute of limitations expired was rapidly closing.  The government became concerned that its difficulty in reaching the original attorney, and the subsequent attorney's failure to inform the government of [Marshall's] intention to enter a plea was a tactic intended to delay the government until expiration of the statute of limitations.

   Marshall asserts that the government should be precluded from arguing against pre-trial release "by accusing the Defendant of a plot to hoodwink the government into missing the statute of limitations, and on the same day arguing against dismissal because the statute of limitations did not expire for another five years."  Reply at 2.  Marshall cites no points and authorities supporting his judicial estoppel argument.

Judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, is an equitable doctrine invoked by a court at its discretion. *U.S. v. Ibrahim,* 522 F.3d 1003, 1009 (9th Cir. 2008) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001) (internal citation omitted)). The doctrine prohibits a party from gaining an advantage by taking one position and then seeking a second advantage by taking a different position that is incompatible with the first. *See Helfand v. Gerson,* 105 F.3d 530, 534 (9th Cir. 1997) (citing *Rissetto v. Plumbers and Steamfitters Local 343,* 94 F.3d 597, 600 (9th Cir. 1996)). The doctrine is intended to protect the integrity of judicial proceedings by preventing a litigant from "playing fast and loose with the courts." *Id.* (citing *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990) (internal citation omitted) (stating "[t]he integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual and legal")). In determining whether to apply judicial estoppel, the court considers whether: (a) a party's later position is clearly inconsistent with its original one; (b) the party has successfully persuaded the court of its earlier position; and (c) allowing the inconsistent position would allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party." *Ibrahim,* 522 F.3d at 1009. Because judicial estoppel seeks to prevent deliberate manipulation of the courts, it is inappropriate when a party's prior position was based on inadvertence or mistake. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC,* 692 F.3d 983, 995 (9th Cir. 2012) (citing *Ibrahim*, 522 F.3d at 1009) (holding that in light of the Supreme Court's opinion in *New Hampshire*, chicanery or knowing misrepresentation by the party to be estopped is a factor, rather than an "inflexible prerequisite," to application of the judicial estoppel doctrine).

Applying the *Ibrahim* factors, the court will not exercise its discretion to estop the government from arguing, in the alternative, which statute of limitations applies. Judge Hoffman detained Marshall at Marshall's initial appearance on January 18, 2012, after a detention hearing. Judge Hoffman found Marshall was both a flight risk and a danger to the community because Marshall's criminal history reflected two prior felony convictions, a misdemeanor conviction, several failures to appear, and several probation violations and revocations. *See* Order of Detention (Dkt. #133). Marshall appealed the detention order and the Ninth Circuit ultimately upheld it. On October 25, 2012, current counsel for Marshall filed a motion requesting that Marshall's "Pre-Trial Release be modified to place him in some

6

sort of residential confinement in Las Vegas so that the undersigned may provide effective assistance of counsel in preparing for trial."[4] Motion to Amend at 2 (Dkt. #220).

The government argued against Marshall's pre-trial release on multiple grounds, citing his prior criminal record, and the fact that Marshall was on federal supervision at the time he is alleged to have committed the offense charged. *See* Response at 2:3-4. (Dkt. #221). It asserted Marshall attempted to flee when officers went to arrest him enlisting the help of his mother and sister. *Id.* at 3:11-4:19. The government's Response to the Motion to Amend also asserts Marshall began cooperating in the government's mortgage fraud investigation in this case in May 2011, and the government provided a proposed plea agreement to Marshall's former counsel in July 2011. *See* Response (Dkt. #221) at 2:12-16. According to the government, Marshall's prior attorney represented that Marshall would enter a plea, but it became difficult to reach the attorney. *Id.* at 2:17. Another defense attorney became involved and requested additional information but also indicated Marshall intended to enter a plea. *Id.* at 2:18-24. The second defense attorney did not respond to the government's request to advise whether Marshall would sign the agreement. *Id.* Based on these facts the government suspected that Marshall's change of attorneys and the attorneys' failure to get back to the government was "a tactic intended to delay the government until the expiration of the statute of limitations." *Id.* at 3:2-3.

Marshall argues the government took an inconsistent position concerning the applicable statute of limitations in response to the Motion to Dismiss, asserting the Second Superceding Indictment should not be dismissed because the applicable statute of limitations is ten years. However, the government also argues in the alternative that even if the five-year statute applies, Marshall acted in furtherance of the conspiracy and is liable for the conduct of his co-conspirators who acted in furtherance of the conspiracy through April 18, 2007, which is well within the five years preceding the Second Superceding Indictment. The court finds that the government's alternative arguments about the applicable statute of limitations do not warrant application of the doctrine of judicial estoppel. The

---

[4]The Motion to Amend has not yet been decided, probably because it is not clear whether Marshall is requesting to reopen his detention hearing or appeal the detention order. If he is asking to reopen detention, the Motion would be decided by Magistrate Judge Hoffman. If he is appealing the original detention decision, it would normally be decided by District Judge Navarro, except that he has already appealed and lost.

government's arguments are not clearly inconsistent. Which statute of limitations applies depends on what, if anything, the government is able to prove at trial. The government has not successfully persuaded the court that Marshall should remain detained because he and/or his counsel attempted to run out a five-year statute of limitations. Marshall was detained after a detention hearing at the time of his initial arrest for reasons Judge Hoffman articulated in his written order. The Ninth Circuit affirmed the detention order on appeal. Finally, the government has not derived any unfair advantage against Marshall because, again, which statute of limitations applies depends on what, if anything, the government is able to prove against Marshall at trial.

      The Ninth Circuit has instructed that Rule 12(b) motions are usually appropriate to consider legal issues such as double jeopardy, previous conviction or acquittal, statute of limitations, immunity, and jurisdiction. *See United States v. Smith,* 866 F.2d 1092, 1096 n. 3 (9th Cir.1989). However, where these legal issues are "intermeshed with questions going to the merits, the issue should be determined at trial." *See United States v. Nukida,* 8 F.3d at 670 (9th Cir. 1993) (citing *United States v. Ayarza-Garcia,* 819 F.2d 1043, 1048 (11th Cir.), *cert. denied,* 484 U.S. 969 (1987)), *appeal after remand,* 87 F.3d 1324 (9th Cir. 1996). In deciding pretrial motions to dismiss, the court may not "invade the province of the ultimate finder of fact." *Id.* at 679. Pretrial motions requiring the court to decide issues of fact may only be decided if the fact determinations are "entirely severable from the evidence to be presented at trial." *Id.* Where the pretrial claim is "substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Id.* A "motion to dismiss the indictment cannot be used as a device for summary trial of the evidence." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002) (citing *United States v. Jensen,* 93 F.3d 667, 669 (9th Cir. 1996)). As the Ninth Circuit explained, the "unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judge and jury are respected." *Id.* at 669.

      In *Nukida,* the Ninth Circuit addressed the propriety of deciding pretrial motions to dismiss. There, the defendant was charged with tampering with consumer products in violation of 18 U.S.C. § 1365. She filed a motion to dismiss the indictment in the district court, arguing that: (a) her alleged conduct did not affect interstate commerce; (b) the charges in the indictment failed to state an

offense; and (c) the district court lacked subject matter jurisdiction over the case. *Id.* at 669.  The district court granted Nukida's motion and dismissed the indictment pursuant to Rule 12(b). *Id.* at 668-69.  On appeal, the Ninth Circuit reversed, finding the district court exceeded its authority when it decided Nukida's motion to dismiss. *Id.*  The Ninth Circuit found that deciding the motion required the district court to determine a material element of the offense charged in the indictment, which should have been reserved for the finder of fact at trial because "a motion to dismiss is not the proper way to determine a factual defense." *Id.* at 669, 672 (citing *United States v. Snyder,* 428 F.3d 520, 522 (9th Cir.), *cert. denied,* 400 U.S. 903 (1970), and *United States v. Smith,* 866 F.2d 1092, 1096 n. 3 (9th Cir. 1989)).

Like the motion to dismiss in *Nukida,* Marshall's Motion is a "premature challenge to the sufficiency of the government's evidence," and the statute of limitations issue is "intermeshed with questions going to the merits." *Id.* at 669-70.  For purposes of a pretrial motion to dismiss, the court should not consider evidence outside the four corners of the indictment, and it must accept the facts alleged in the indictment as true.  The Second Superceding Indictment alleges that Marshall and his co-conspirators engaged in acts in furtherance of the conspiracy through April 18, 2007.  To prove a conspiracy, the government must prove that Marshall agreed to accomplish an illegal objective and an overt act on the part of some member of the conspiracy to accomplish that objective. *See United State v. Lothian*, 976 F.2d 1257, 1261 (9th Cir. 1992).  A defendant is criminally liable for any underlying substantive offense committed by co-conspirators during the defendant's membership in the conspiracy. *Id.* at 1262.  Whether the government can prove this is for the jury to determine.

Additionally, withdrawal from a conspiracy is an affirmative defense that negates the element of agreement to accomplish the conspiracy's unlawful objective. *Id.*  A defendant cannot be criminally liable for substantive offenses committed before joining or after withdrawing from a conspiracy. *Id*.  However, once an overt act is committed to accomplish the unlawful objective of the agreement, the crime of conspiracy is complete, and the defendant is liable for acts committed while he is a member of the conspiracy despite his later withdrawal. *Id.*  Whether, and if so, when, Marshall withdrew from the conspiracy is for the jury to determine.  Although the Motion to Dismiss presents legal questions, his statute of limitations and withdrawal affirmative defenses are "substantially founded on and intertwined

with" the evidence concerning the alleged conspiracy itself. *Nukida,* 8 F.3d at 670.

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Jabari L. Marshall's Motion to Dismiss Second Superceding Indictment (Dkt. #219) be **DENIED**.

Dated this 18th day of December, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE