# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:10-cr-236-GMN-PAL |
| Plaintiff, | **ORDER DENYING** |
| vs. | Defendant Jabari L. Marshall's Motion to Dismiss Second Superseding Indictment |
| CANDIS J. GARDLEY, SUZANNE R. McALLISTER, and JABARI L. MARSHALL, | (ECF No. 219) |
| Defendants. | |

Before the Court is Defendant Jabari L. Marshall's Motion to Dismiss Second Superseding Indictment (ECF No. 219), the Government's Response (ECF No. 222), and Defendant Marshall's Reply (ECF No. 227).

Also before the Court is Magistrate Judge Leen's Report of Findings and Recommendations with regard to Defendant Jabari L. Marshall's Motion to Dismiss Second Superseding Indictment (ECF No. 233), Defendant Marshall's timely-filed Objections to Magistrate Judge Leen's Report of Findings and Recommendations (ECF No. 236), the Government's Response (ECF No. 237), and Defendant Marshall's Reply (ECF No. 238).

Pursuant to Local Rule IB 3-2(a), objections were due on January 4, 2013. Defendant Marshall filed his objections on January 2, 2013. In accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 1-4, the Court has reviewed the record in this case and has determined that Magistrate Judge Leen's Recommendation should be **ACCEPTED**.

## I.   BACKGROUND

The Second Superseding Indictment in this case added Defendant Marshall to Count One, Conspiracy to Commit Bank, Mail and Wire Fraud in violation of Title 18, United States Code,

§ 1349.

In his Objection, Defendant Marshall concedes that the Magistrate Judge has "correctly and succinctly stated the contending positions of the defense and the government." (ECF No. 236), and the Government appears to agree. Therefore, this Order will ACCEPT those recitations as if fully restated in their entirety herein.

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

## III.   ISSUES

The parties dispute whether a five-year or a ten-year statute of limitations applies to the conspiracy charge against Defendant Marshall in the Second Superseding Indictment. The Defendant first argues that the five-year statute of limitations applies. Second, Defendant asserts that the Government should be estopped from asserting that a ten-year statute of limitations applies, due to their prior arguments made in their Response to Defendant Marshall's Motion to Amend the Conditions of Release. (*See* ECF No. 221.) Finally, Defendant contends that, even if the five-year statute of limitations applies, the statute bars his prosecution because the Defendant withdrew from the conspiracy more than five years before the Second Superseding Indictment against him was returned on January 11, 2012.

Title 18, United States Code, § 3282(a) provides that a five-year statute of limitations applies to common non-capital offenses. However, Defendant Marshall is charged with conspiracy to commit bank fraud in violation of § 1344, and 18 U.S.C. § 3293(1) provides a ten-

year statute of limitations for bank fraud or a conspiracy to commit bank fraud.  Thus, the ten-year statute of limitations applies to the allegation that Defendant Marshall conspired to commit bank fraud.

Defendant Marshall is also charged in the same conspiracy count with conspiring to commit mail and wire fraud.  Section 3293(1) additionally applies a ten-year statute of limitations "if the offense affects a financial institution." 18 U.S.C. §3293(1).  The Government argues that the mail and wire fraud transactions listed in the Second Superseding Indictment are offenses affecting a financial institution pursuant to § 3293(1).  Accordingly, the Government asserts that the ten-year statute of limitations applies to these charges.

The Magistrate Judge recommended that this Court deny Defendant Marshall's Motion to Dismiss, citing *United States v. Nukida*, 8 F.3d 665 (9th Cir. 1993), finding that Defendant Marshall's statute of limitations issue is "intermeshed with questions going to the merits" and it is a "premature challenge to the sufficiency of the government's evidence."  Defendant Marshall objects to this Recommendation and requests an evidentiary hearing for the Government to "establish that the ten-year statute of limitations applies, or alternatively, that Marshall is criminally responsible for acts committed by others after his withdrawal from the conspiracy." Defendant Marshall argues that if the Government cannot meet its burden in an evidentiary hearing, then there is no need for a trial.

Therefore, the Court is presented with three issues: (1) whether a five-year or ten-year statute of limitations applies to the conspiracy count; (2) whether the Defendant's assertion that he withdrew from the conspiracy may be considered in a pretrial motion to dismiss; and (3) whether the Government must establish the application of the ten-year statute of limitations in a pre-trial evidentiary hearing.[1]

---

[1] Defendant Marshall does not appear to contest the Magistrate Judge's conclusion that the Government is not estopped from arguing the applicability of the ten-year statute of limitations.

## IV. ANALYSIS

### 1. Bank fraud

Defendant Marshall is charged in Count One with Conspiracy to Commit Bank Fraud pursuant to 18 USC § 1344. (Second Superseding Indictment ¶¶ 5-9, ECF No. 114). A ten-year statute of limitations applies to the crime of bank fraud or a conspiracy to commit bank fraud. 18 U.S.C. § 3293(1). Therefore, the Court finds that the ten-year statute of limitations applies to allegations in the Superseding Indictment charging Defendant Marshall with Conspiracy to Commit Bank Fraud. The transaction supporting the allegation of bank fraud against Defendant Marshall is alleged to have occurred between March 4, 2007 and April 18, 2007 in relation to the property address of 7140 Crescentville Avenue and the federally insured Flagstar Bank. (Second Superseding Indictment, ¶¶ 1-12.) Accordingly, the statute of limitations for conspiracy to commit bank fraud has not been violated because it will not expire until April 18, 2017.

### 2. Five-year statute of limitations

The conspiracy charge in Count One also alleges that Defendant Marshall conspired to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. (Second Superseding Indictment, ¶¶ 5-9.) While the general allegation is that the transactions occurred "from on or about 2005 to in or about April 2007" (*Id.* ¶ 6), approximately thirty specific transactions are listed chronologically as having occurred between August 25, 2005 and April 18, 2007 (*Id.* ¶ 9). Accordingly, the five-year statute of limitations did not expire until April 18, 2012, three months after the Second Superseding Indictment was filed on January 11, 2012.

### 3. Withdrawal

In support for his claim that the Government violated the five-year statute of limitations, Defendant Marshall argues he withdrew from the conspiracy on or about December 2006, as evidenced by the signed and notarized Sworn Affidavit of Jalen T. Henry. (*See* Def.'s Reply, ECF No. 238.) The Second Superseding Indictment was filed January 11, 2012, one month

beyond the expiration of the December 2012 deadline pursuant to a five-year statute of limitations. However, withdrawal is an affirmative defense to be raised at trial, not in a motion to dismiss. *Smith v. United States*, 133 S. Ct. 714, 718-20 (2013). As the Magistrate Judge correctly noted, when considering a motion to dismiss a criminal offense for a violation of the statute of limitations, "the trial court is limited to the face of the indictment and is obligated to accept the facts therein alleged as true." *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954). Defendant Marshall's assertion that the statute of limitations bars this charge because he withdrew from the conspiracy is an affirmative defense "intermeshed with questions going to the merits" and it is a "premature challenge to the sufficiency of the government's evidence." *United States v. Nukida*, 8 F.3d 665, 669-670 (9th Cir, 1993).

The Defendant requests an evidentiary hearing, which could potentially avoid the need for a trial. However, a motion to dismiss is generally "capable of determination" before trial "if it involves questions of law rather than fact." *Id.* at 669 (citation omitted). Although the Court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the Court may not "invade the province of the ultimate finder of fact." *Id.* (citation omitted). Therefore, an evidentiary hearing would not be an appropriate method to adjudicate the merits of Defendant's withdrawal defense. Accordingly, Defendant Marshall has failed to demonstrate a violation of the statute of limitations occurred which may be adjudicated in a pretrial motion.

    **4.    Ten-year statute of limitations**

Title 18, United States Code § 3293(1) provides a ten-year statute of limitations when "the offense affects a financial institution." 18 U.S.C. § 3293(1). The Government argues this longer limitations period applies to the portions of Count One that alleges mail and wire fraud.

Section 3293 specifically provides that

/ / /

**§ 3293. Financial institution offenses**

No person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate—

    (1) section 215, 656, 657, 1005, 1006, 1007, 1014, 1033, or 1344;
    (2) section 1341 or 1343, if the offense affects a financial institution; or
    (3) section 1963, to the extent that the racketeering activity involves a violation of section 1344;

unless the indictment is returned or the information is filed within ten years after the commission of the offense.

18 U.S.C. § 3293.

Therefore, the ten-year statute of limitations applies if the Defendant's mail and wire fraud conspiracies affected a financial institution. Although it is unclear whether the pre- or post-2009 amendment version of 18 U.S.C. § 20 definition of "financial institution" applies in this case, the Court has already found that the Second Superseding Indictment was filed before the expiration of the shorter five-year statute of limitations. According, the Court need not reach the applicability of the ten-year limitation period.

## V. CONCLUSION

The Court ACCEPTS Magistrate Judge Leen's statements related to the position of the parties and its finding that the Government is not estopped from asserting that a ten-year statute of limitations applies.

The Court finds that pursuant to Title 18, U.S.C. § 3293(1), the statute of limitations for the conspiracy to commit bank fraud alleged in Count One of the Second Superseding Indictment is ten years.

The Court finds that the Second Superseding Indictment was filed within five years of the acts alleged to have been committed by the Defendant, Jabari Marshall in Count One charging Conspiracy.

The Court declines to address whether Title 18, U.S.C. § 3293(1) applies to the conspiracy to commit wire and mail fraud allegations in Count One of the Second Superseding Indictment.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Peggy A. Leen's Report of Findings and Recommendation (ECF No. 233) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant Jabari L. Marshall's Motion to Dismiss Second Superseding Indictment (ECF No. 219) is **DENIED**.

**DATED** this 5th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge