UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:10-cr-236-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING** |
| vs. | ) | **Defendant Jabari Marshall's Motion in** |
| | ) | **Limine Regarding Evidence Related to** |
| CANDIS J. GARDLEY, | ) | **"Financial Institutions"** |
| SUZANNE R. McALLISTER, and | ) | **(ECF No. 279)** |
| JABARI L. MARSHALL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Defendant Jabari Marshall's Motion in Limine Regarding Evidence Related to "Financial Institutions" (ECF No. 279), the Government's Response (ECF No. 287), and the Defendant's Reply (ECF No. 289).

**I.   ISSUE**

The Defendant seeks to exclude the admission of evidence at trial regarding the home purchase transactions involving Defendant Marshall which were financed by institutions that were not federally insured arguing that those transactions are deficient pursuant to the pre-2009 amendment of 18 U.S.C. § 20.  The Government concedes that the definition of "financial institutions" was changed in 2009 to include these non-federally-insured financial institutions, which could not previously serve as a basis for a bank fraud offense.  However, it explains that the term "financial institution" was used in the Second Superseding Indictment not as a legal definitional term, but rather as a plain and concise term pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure.  Accordingly, when the Second Superseding Indictment was referring to a specific transaction as a legal basis for the conspiracy to commit bank fraud, it used

the more descriptive term, "federally-insured financial institution" to distinguish it from other transactions involving merely financial institutions. These other transactions are a basis only for the conspiracy to commit mail fraud and wire fraud.

## II. LEGAL STANDARD

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)). *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III. ANALYSIS

Defendant Marshall is charged in Count One of the Second Superseding Indictment with Conspiracy to Commit Mail Fraud (in violation of 18 U.S.C. § 1341), Wire Fraud (in violation of 18 U.S.C. § 1343) and Bank Fraud (in violation of 18 U.S.C. § 1344). Defendant Marshall seeks to exclude evidence of any and all of the transactions relating to the mortgage lending businesses because they are not federally-insured and cannot provide a basis for the bank fraud under 18 U.S.C. § 1344.

That statute provides as follows:

**§ 1344.  Bank fraud**

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

    (1)  to defraud a financial institution; or

    (2)  to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. §1344.

The definition of "financial institution" is defined in 18 U.S.C. § 20.  It was amended in 2009 to include subsection (10), which now specifically includes non-federally insured mortgage lending businesses:

**§ 20.  Financial institution defined**

As used in this title, the term "financial institution" means—

    . . . (10) a mortgage lending business (as defined in section 27 of this title) or any person or entity that makes in whole or in part a federally related mortgage loan as defined in section 3 of the Real Estate Settlement Procedures Act of 1974.

18 U.S.C. § 20(10).

However, subsection (10) above was not added until after the 2009 amendment. See Pub. L. No. 111-21 (2009).  Accordingly, prior to 2009, a non-federally insured mortgage lending business was not considered a financial institution and could not serve as a basis for bank fraud offenses pursuant to 18 U.S.C. § 1344.  In this case, the transactions serving as a basis for the conspiracy to commit bank fraud are alleged to have occurred between 2005 and April 2007, well before the 2009 amendment. (Second Superseding Indictment ¶ 6, ECF No. 114.)

Therefore, the transactions related to the non-federally insured mortgage lending

businesses referenced in the charging document cannot serve as a basis for the conspiracy to commit bank fraud. The only transaction that appears to fit these parameters is the one referenced in Count Two involving Flagstar Bank. (*See id.* ¶ 12.) Although Defendant Marshall is not charged in Count Two, the transaction involving Flagstar Bank appears to be the same one listed in Count One where he is charged with conduct related to "7140 Crescentville Ave." (*Id.* ¶ 9.) Furthermore, paragraph 4 specifically states that "Flagstar Bank was a federally-insured financial institution." (*Id.* ¶ 4.) Although paragraph 4 is not within the text of Count One, paragraph 5 specifically re-alleges and incorporates paragraphs 1-4 into Count One.

In addition to the charge of conspiracy to commit bank fraud, Defendant Marshall is also charged in Count One with conspiracy to commit mail fraud and wire fraud. (*See id.*) The Government argues that consistent with Federal Rule of Criminal Procedure 7(c)(1), it considered the pre-2009 definition of financial institution when it drafted the language used in the charging documents.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states as follows:

**Rule 7. The Indictment and the Information**

**(c) Nature and Contents.**

> **(1) *In General.*** The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. It need not contain a formal introduction or conclusion. A count may incorporate by reference an allegation made in another count. A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means….

Fed. R. Crim. P. 7(c).

The Court finds that paragraph 6(c) of the Second Superseding Indictment does plainly and concisely reference "federally-insured financial institutions" as a basis for the conspiracy to commit bank fraud pursuant to 18 U.S.C. § 1344. This is distinctly different than the language

used in paragraph 8(g) and (h) of the same charging document which references only "financial institutions" as a basis for the mail fraud and wire fraud counts, respectively.

While the Flagstar Bank transaction involving "7140 Crescentville Ave." appears to be the only basis for the conspiracy to commit bank fraud, evidence of the other transactions listed in Count One need not be excluded. In its Second Superseding Indictment, the Government alleges that Defendant Marshall committed the offense of conspiracy by one or more specified means as explained in subsections (a), (b), and (c) of paragraph 6 of the charging document. Subsections (a) and (b) refer to mail fraud and wire fraud, respectively. Neither the offense of mail fraud nor wire fraud requires proof that the victim institution was federally insured. Therefore, the other twenty-nine (29) overt acts listed in Count One are admissible evidence of mail and wire fraud. The Defendant has failed to demonstrate that any of the thirty (30) transactions listed should be excluded.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Jabari Marshall's Motion in Limine Regarding Evidence Related to "Financial Institutions" (ECF No. 279) is **DENIED**.

**DATED** this 5th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge