# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:10-cr-236-GMN-PAL |
| Plaintiff, | **ORDER Regarding** |
| vs. | **United States' Redacted Motion for Delayed Disclosure of Witness Statement (Full Version** |
| CANDIS J. GARDLEY, | **Submitted Ex Parte, In Camera)** |
| SUZANNE R. McALLISTER, and | **(ECF No. 290)** |
| JABARI L. MARSHALL, | |
| Defendants. | |

Before the Court is the United States' Redacted Motion for Delayed Disclosure of Witness Statement (Full Version Submitted Ex Parte, In Camera) (ECF No. 290).[1]

The Government entered into a Joint Discovery Agreement (hereinafter referred to as "JDA") on June 18, 2010 with Defendant Candis Gardley (ECF No. 32). This JDA provides in pertinent part that,

> D.  No later than **10 days** before trial:
>
>   3.  The government will disclose any statements of witnesses under Title 18, United States Code, Section 3500.

(ECF NO. 32 at 3:6-7) (Emphasis in original).

Two years later, on June 4, 2012, the Government entered into a JDA with Defendant Jabari Marshall which contained identical language. (ECF No. 185 at 3:6-7). However, both JDAs also acknowledged that either party could withhold disclosure by providing notice to the other party, describing the nature of the item and the basis for withholding. Specifically, both

---

[1] Government filed a redacted version of their motion but provided the Court with a redacted version, ex parte for in camera review of the witness statements sought to be withheld.

JDA state as follows:

> E. Any party withholding the disclosure of items subject to this agreement will provide notice to the other party of the intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

(ECF No. 32:10-12).

Accordingly, the Government now requests approval to withhold prior testimony of a witness and allow disclosure to be delayed.

Specifically, the Government seeks authority from this Court to withhold the grand jury testimony of Defendant Jabari Marshall's sister, Jamila Marshall, until 5 o'clock p.m. the night before she testifies at trial. (ECF No. 290 at 3:19-22.) The Government provides a copy of an email chain of communication between the Government (AUSAs Sarah Griswold and Brian Pugh) and Defense Counsel for Marshall (Stan Hunterton, Esq.) wherein the Government provides notice of its intent to withhold the grand jury testimony of Jamila Marshall and the basis for withholding disclosure. (ECF No. 290 at Ex. 3).

The Government's basis for withholding disclosure is based upon "audio recording of jail calls of Jabari Marshall on March 27, 2013. The recorded jail calls reflect that in March 2012, Jabari Marshall talked with Jamila Marshall about what she was(sic) said in the grand jury." (ECF No. 290 at 2:11-14). The Government's descriptive summary of the specific conversations is redacted from the filed motion but has been provided to the Court ex parte, for in camera review along with a CD of the jail calls (ECF NO. 290 at Ex B) and a transcription of the grand jury testimony (ECF No. 290 at Ex A).

In its email to Defense Counsel, the Government only explained that "[a]fter the parties entered into the JDAs in this case, the government learned of Jabari Marshall's efforts to shape Jamila Marshall's testimony to contradict her purported grand jury testimony." (ECF No. at Ex.3). The Government received no response from counsel for Candis Gardley, however, in a responding email, Defense Counsel for Marshall asserted his objection explaining that he did not

understand what was meant "by efforts to "shape" her trial testimony." (*Id.*)

> "Shaping testimony through witness preparation is what you and I and everyone else does all the time. There is nothing wrong with it. If you have proof that Mr. Marshall was obstructing justice or suborning perjury, you should charge him accordingly and you should provide us with that proof. If you do not, then we should get the grand jury testimony in the ordinary course."

(*Id.*)

The Government ascribes a nefarious interpretation to the response provided by Defense Counsel and argues that the response provides a further justification for delayed disclosure:

> "[u]pon further reflection of defense counsel's position that there is nothing wrong with trying to change witness testimony to contradict previous statements and that he does this consistently, it is clear that disclosure of Jamila Marshall's grand jury testimony after her direct examination and in compliance with statute is warranted."

(ECF No. 290 at 4:10-14). However, this Court does not agree with the Government's attempt to imply anything more than that Defense Counsel was seeking clarification of the vague term, "shaping," used by the Government. Nevertheless, it is clear from the audio recordings of the jail calls that Defendant Jabari Marshall was attempting to influence and manipulate the future trial testimony of his sister, Jamila Marshall, to exculpate him as well as refute and undermine her prior inculpatory grand jury testimony. (ECF NO. 290 at Ex B)  The Court takes very seriously the danger of perjury or witness intimidation revealed in the jail calls.

The Government relies upon Rule 16(d)(1) of the Federal Rules of Criminal Procedure as the Court's authority to withhold the disclosure:

/ / /

/ / /

/ / /

/ / /

(d) REGULATING DISCOVERY.

> (1) *Protective and Modifying Orders.* At any time the court may[2], for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. Pro 16(d)(1).

The Court finds that the basis provided by the Government is more than speculation. The Government has provided direct tangible evidence in the form of the jail calls contained in the CD to cause the Court to find just cause to grant the motion to delay disclosure.

Furthermore, the Court finds that the Government's proposed disclosure date is reasonable in light of other statutes and rules allowing for withholding for a longer period of time than that which is requested by the Government here. For example, 18 U.S.C. § 3500(a) does not require disclosure until after the witness has testified at trial and direct examination has been completed.

Title 18 U.S.C. 3500(a) provides that:

> (a)   In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

Likewise, pursuant to Fed. R. Crim. P. 26.2, does not require disclosure of grand jury testimony of a witness until after that individual has testified on direct examination:

---

[2] Section (a)(3) of Rule 16 appears to specifically exclude the application of this rule to grand jury transcripts,

> (3) Grand Jury Transcripts. This rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, except as provided in Rules 6, 12(h), 16(a)(1), and 26.2.

Fed. R. Crim. Pro 16(a)(3). However, the Defendant does not oppose the Court's inherent authority to resolve this dispute.

(a) Motion to Produce. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

Therefore, the Government's request not only demonstrates good cause, but also restraint, and provides a fair and reasonable resolution to the issue.

**IT IS HEREBY ORDERED** that the United States' Redacted Motion for Delayed Disclosure of Witness Statement (Full Version Submitted Ex Parte, In Camera) (ECF No. 290) is **GRANTED**.

**DATED** this 10th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge