# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:10-cr-236-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | (ECF Nos. 369, 383) |
| | ) | |
| JABARI L. MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Jabari Marshall's Motion for New Trial Pursuant to Rule 33, F.R.C.P. and For Judgment of Acquittal Pursuant to Rule 29(c), F.R.C.P. (ECF No. 369). The Government filed a Response (ECF No. 382). No reply was filed by the Defendant.

Also before the Court is Defendant Jabari Marshall's Motion to Dismiss Counsel and Proceed Pro Se (ECF No. 383). The Government filed a Response (ECF No. 385). No reply was filed by the Defendant.

The Defendant's untimely[1] Motion for New Trial is brought pursuant to Rule 29(c) and Rule 33(a) of the Federal Rules of Criminal Procedure. The two-page motion merely restates the issues previously raised and incorporates the arguments previously made. Defendant renews his three objections: the dismissal of one of the three objects of the conspiracy listed in the Second Superseding Indictment for the Conspiracy charge; the failure to include transactions listed in the Second Superseding Indictment charging a violation of 18 U.S.C. § 1349 in the text of Jury Instruction No. 13; and the use of the term "financial institutions." No new arguments or legal citations are provided. Likewise, the Government in its Response summarizes its previous arguments.

---

[1] Defense counsel explains at page 2 of the motion that he miscalculated the deadline by one business day. The Government does not claim any prejudice.

Rule 29(c) of the Federal Rules of Criminal Procedure states as follows:
> (c) After Jury Verdict or Discharge.
>> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
>>
>> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>>
>> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Rule 33 of the Federal Rules of Criminal Procedure states as follows:
> (a)  Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>>
>> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

The Defendant's motion fails to persuade the Court that its prior rulings were erroneous such that a judgment of acquittal should be entered or a new trial granted. Accordingly, Defendant Jabari Marshall's Motion for New Trial Pursuant to Rule 33, F.R.C.P. and For Judgment of Acquittal Pursuant to Rule 29(c), F.R.C.P. (ECF No. 369) is **DENIED**.

In his Motion to Dismiss Counsel and Proceed Pro Se (ECF No. 383), the Defendant seeks to not only dismiss trial counsel, but also to represent himself.  Defendant's motion is set for hearing on **Thursday, January 9, 2014, at 10:00 A.M. in Courtroom 7D** before the

1   Honorable Gloria M. Navarro, United States District Judge.

2   **DATED** this 19th day of November, 2013.

_____

Gloria M. Navarro
United States District Judge