# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:10-cr-236-GMN-PAL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | (ECF No. 451) |
| | ) | |
| JABARI L. MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant, Jabari Marshall's, Motion for a Judgment of Acquittal (ECF No. 451), filed Pro Se. The Government filed a Response (ECF No. 453) and the Defendant filed a Reply (ECF No. 454) and a Supplement to his Reply (ECF No. 459).

## I. FACTUAL BACKGROUND

Defendant was found guilty of the offense charged in Count One of the Indictment by a jury at trial on September 26, 2013. On the scheduled sentencing date, Defendant's Motion to Dismiss Counsel and Proceed Pro Se (ECF No. 383) was granted. The Court permitted the Defendant to represent himself, but appointed C. Stanley Hunterton as standby counsel.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 29(c) applies to a motion for judgment of acquittal brought after a jury verdict. "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."

A motion for Judgment of Acquittal is reviewed on a sufficiency-of-the-evidence standard." *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998). "Under that standard, evidence supports a conviction, if, viewed in the light most favorable to the government, it would

allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *Id.*

**III.   ANALYSIS**

A motion for judgment of acquittal must be brought within 14 days after the jury returns its verdict. The Defendant was convicted by a jury on September 26, 2013 (ECF No. 354, 358), but did not file his Motion for Judgment of Acquittal (ECF No. 451) until January 23, 2014, almost four (4) months later. Therefore, the motion is not timely.

Nevertheless, as Defendant was permitted to proceed pro se, without counsel, and has attempted to demonstrate excusable neglect, the Court will address the issue presented, especially since Defendant essentially is merely renewing his previous claim. Likewise, Defendant failed to file a Motion for Leave to file a Sur-Reply, but did attempt to provide an explanation. Thus, the Court will not strike the filing.

First, Defendant argues that regarding Count 1, Conspiracy to Commit Bank Fraud, Mail Fraud and Wire Fraud in violation of 18 U.S.C. § 1349, he was convicted of an offense that was not charged when the Court permitted the Government to dismiss bank fraud as one of the three objects of the conspiracy and strike the surplus language related to that bank fraud from the Second Superseding Indictment. More specifically, when the conspiracy allegation no longer alleged bank fraud, proof that a victim institution was federally insured was no longer relevant and appropriately removed. However, the Defendant insists otherwise and fails to comprehend that neither a conspiracy to commit mail fraud, nor a conspiracy to commit wire fraud, requires proof that the institution was federally insured. (See Defendant's Reply at 2, "…a financial institution is an essential element of a separate and distinct mail and wire fraud crime that must be proved beyond a reasonable doubt.") Defendant's argument is without merit.

Second, Defendant argues that the evidence presented at trial was insufficient because the Government failed to present evidence at trial that any of the lender institutions defrauded by

wire and mail were actually financial institutions.  Again, the Defendant's argument assumes an additional element which is simply not required.  Therefore, the Defendant's argument is without merit.

## IV.  CONCLUSION

Defendant's conviction on Count 1, Conspiracy to Commit Wire Fraud and Mail Fraud, did not require proof that the victims were lending institutions, as that is not an element of either offense.  Accordingly, Defendant has failed to demonstrate that a Judgment of Acquittal should be granted.

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment of Acquittal (ECF No. 451) is **DENIED**.

**DATED** this 11th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court