# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )        Case No.: 2:10-cr-236-GMN-PAL
    vs.                      )
                             )        **ORDER**
JABARI L. MARSHALL,          )
                             )
            Defendant.       )
_____)

Pending before the Court is the Petitioner Jabari L. Marshall's ("Petitioner's") Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 498). The Government filed a Response (ECF No. 501), and Petitioner filed a Reply (ECF No. 502).

## I.    BACKGROUND

On January 11, 2012, a federal grand jury sitting in the District of Nevada returned a Second Superseding Indictment charging Petitioner with one count of Conspiracy to Commit Bank Fraud, Mail Fraud, and Wire Fraud, in violation of Title 18 U.S.C. § 1349. (Second Superseding Indictment, ECF No. 114). On September 26, 2013, after a nine-day trial, a jury convicted Petitioner of this charge. (Jury Verdict, ECF No. 358). Petitioner was sentenced to 240 months of imprisonment, followed by three years of supervised release, and restitution in the amount of $249,695.57. (Judgment at 2–3, ECF No. 470). Petitioner was also advised of his right to appeal. (Sentencing Tr. 38:6–18, ECF No. 486).

On April 10, 2014, Petitioner timely filed a notice of appeal. (Not. of Appeal, ECF No. 465). On appeal, Petitioner asserted the following claims: (1) "the district court erred in denying his motion in limine to exclude evidence pertaining to mortgage-lending businesses," and (2) "the district court erred in granting the government's motion to strike surplusage from

the second superseding indictment." (9th Cir. Mem. at 2, ECF No. 493). The Ninth Circuit affirmed Petitioner's conviction in full. (*Id.* at 4).

On March 28, 2016, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, ECF No. 498).

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2255, a petitioner may file a motion requesting the Court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.*; *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

Motions pursuant to § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "[A] district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989). "No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).

## III. <u>DISCUSSION</u>

Petitioner asserts five grounds for the dismissal of his conviction. Three of these grounds (grounds one, two, and four) assert that Petitioner's trial and appellate counsel were ineffective. The remaining two grounds (grounds three and five) assert insufficient evidence for conviction and that the indictment was improperly constructively amended. For the reasons set forth below, the Court finds that Petitioner has not demonstrated the necessary elements to

prevail on a claim of ineffective assistance of counsel, and his other grounds are improperly raised on collateral review.

### A. Ineffective Assistance of Counsel Claims

One proper claim under § 2255 is ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must first show that counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington,* 466 U.S. 668, 687 (1984) (citations omitted). Second, a petitioner must also show that he was prejudiced by that performance. *See id*. at 692. Under this standard, the question is whether "counsel's representation fell below an objective standard of reasonableness," and the Court's inquiry begins with a "strong presumption that counsel's conduct [falls] within the wide range of reasonable representation." *United States v. Ferreira–Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987) (as amended) (citations omitted). "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner contends that he was denied effective assistance of counsel at trial because his trial counsel did not argue judicial estoppel. (Mot. to Vacate at 19). Additionally, Petitioner asserts that his appellate counsel was ineffective for failing to argue judicial estoppel, insufficient evidence (relating specifically to judicial estoppel), and constructive amendment. (*See* Mot. to Vacate at 27, 33).

The Government argues that all of Petitioner's claims rest on the theory that the Government should have been judicially estopped from asserting inconsistent positions at trial regarding the use of the words "financial institutions" in the Second Superseding Indictment.

(*See* Resp. 4:7–10).  Moreover, the Government claims that because Petitioner cannot meet all the elements for the claim of judicial estoppel, all of Petitioner's ineffective assistance of counsel claims fail. (*Id*. 4:20–21).

Judicial estoppel, also known as the doctrine of preclusion of inconsistent positions, is an equitable doctrine invoked by a court at its discretion. *United States v. Ibrahim,* 522 F.3d 1003, 1009 (9th Cir. 2008) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001)).  The doctrine prohibits a party from gaining an advantage by taking one position and then seeking a second advantage by taking a different position that is incompatible with the first. *See Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) (citing *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)).  The doctrine is intended to protect the integrity of judicial proceedings by preventing a litigant from "playing fast and loose with the courts." *Id.* (citing *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990), which stated: "The integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual and legal") (internal citation omitted)).

In determining if judicial estoppel should apply, the court considers whether: (a) a party's later position is clearly inconsistent with its original one; (b) the party has successfully persuaded the court of its earlier position; and (c) allowing the inconsistent position would allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party." *Ibrahim,* 522 F.3d at 1009.  Because judicial estoppel seeks to prevent deliberate manipulation of the courts, it is inappropriate when a party's prior position was based on inadvertence or mistake. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 995 (9th Cir. 2012) (citing *Ibrahim*, 522 F.3d at 1009, which held that in light of the Supreme Court's opinion in *New Hampshire v. Maine*, chicanery or knowing misrepresentation by the party to be estopped is a factor, rather than an "inflexible prerequisite," to application of the judicial estoppel doctrine).

### 1. Trial Counsel

Petitioner attempts to show that this Court relied on a position asserted by the Government using a partial quote from this Court's Order Denying the Motion to Dismiss (ECF No. 301). (Mot. to Vacate at 23). However, the Government is correct when it asserts that "[t]his Court did not rely upon or accept the government's alleged argument regarding the use of the term financial institutions in declining to dismiss the indictment based on statute of limitations." (Gov't Resp. 5:1–3, ECF No. 501). Indeed, in the Order cited by Petitioner, this Court expressly declined to reach "whether the pre- or post-2009 amendment version of 18 U.S.C. § 20 definition of 'financial institution' applies in this case." (Order Denying Mot. to Dismiss 6:11–12, ECF No. 301). Thus, because the Court did not rely on or accept the Government's allegedly inconsistent positions, judicial estoppel does not apply here. "[F]ailure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1981). Given that judicial estoppel does not apply, Petitioner's trial counsel was not ineffective for failing to raise this meritless argument. Accordingly, the Court denies Petitioner's motion as to ground one because Petitioner fails to demonstrate ineffective assistance by his trial counsel.

### 2. Appellate Counsel

Grounds two and four of Petitioner's motion allege ineffective assistance of appellate counsel. Ground two asserts that appellate counsel failed to argue both judicial estoppel and constructive amendment. Ground four asserts that appellate counsel was ineffective for failing to raise an insufficient evidence claim, which Petitioner centers upon his judicial estoppel claim. First, the Court finds that appellate counsel was not ineffective for not advancing an argument for judicial estoppel because it is a non-meritorious issue. (*See supra* Part III.A.1.). Similarly, appellate counsel not raising an insufficient evidence claim resting solely on judicial estoppel does not constitute ineffective assistance.

Lastly, regarding appellate counsel's alleged failure to argue constructive amendment[1] of the Second Superseding Indictment, it appears that appellate counsel raised this argument on appeal, and the Ninth Circuit ruled on it. Indeed, Petitioner acknowledges that this issue was raised on appeal, but instead argues that "appellate counsel failed to point out that 'financial institution' as used in §§1341 and 1343 is defined by §20 to describe an element." (Mot. to Vacate at 20). However, on appeal, the Ninth Circuit pointed out that "[d]espite the use of the term 'financial institutions' in the indictment, [Petitioner] was not charged with conspiring to commit wire and mail fraud against 'financial institutions' as that term is defined by § 20." (9th Cir. Mem. at 2). Further, specifically regarding constructive amendment, the Ninth Circuit found: "The government's motion to strike surplusage did not constitute a constructive amendment." (*Id.* at 4). Appellate counsel cannot be ineffective regarding claims that were raised and decided upon appeal. *See United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent section 2255 petition.").

Accordingly, the Court denies Petitioner's motion under grounds two and four because Petitioner fails to demonstrate that his appellate counsel's assistance was ineffective.

## B. Constructive Amendment and Insufficient Evidence

If a claim was or could have been raised on direct appeal, then it is not properly raised in a collateral attack pursuant to § 2255. Specifically, "[w]hen a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent section 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Conversely, "[i]f a criminal defendant could have raised a claim of error

---

[1] "[C]onstructive amendment occurs when the defendant is charged with one crime but, in effect, is tried for another crime." *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004).

on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). "To overcome such default, [petitioner] would have to show either (1) 'cause' and actual 'prejudice' to explain the default, or (2) that he was 'actually innocent' of, *inter alia*, the crime for which he was indicted." *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000) (internal citation omitted).

In ground three, Petitioner argues that his "conviction rest[s] on a constructively amended indictment." (Mot. to Vacate at 18). Specifically, though, Petitioner's argument centers on his judicial estoppel assertion. (*Id.*) (*see* subheading A. stating: "Judicial estoppel prohibits the prosecutor's deliberate change to position two."). Petitioner could have raised the issue of judicial estoppel on direct appeal, but failed to do so, which means that this issue is barred by procedural default. *Johnson*, 988 F.2d at 945. While his excuse is that his appellate counsel should have raised the issue and was ineffective for doing so, there can be no actual prejudice because, as the Court found above, judicial estoppel does not apply here. (*See supra* Part III.A.1.).[2] Accordingly, the Court denies Petitioner's claim under ground three as procedurally barred.

Next, as to ground five, although titled as an insufficient evidence claim, Petitioner actually asserts that he has "the right to be free from the application of Ex Post Facto laws." (Mot. to Vacate at 23). This issue was reviewed and expressly rejected by the Ninth Circuit on direct appeal: "As conspiring to commit mail and wire fraud was illegal at the time of the crime, regardless of the victim, any allegation that the 2009 amendment to § 20 affected [Petitioner's] conviction is baseless and his conviction did not violate the Ex Post Facto Clause." (9th Cir. Mem. at 2–3). As this claim was litigated on appeal, Petitioner cannot

---

[2] Petitioner does not argue that he is "actually innocent." *See Guess*, 203 F.3d at 1145.

properly raise the issue on a motion to vacate. *See Hayes*, 231 F.3d at 1139. As such, the Court denies Petitioner's motion as to ground five.

### C. Evidentiary Hearing

"No evidentiary hearing is necessary when the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989) (citation omitted). The district court has discretion to deny an evidentiary hearing on a section 2255 claim. *Id.* Here, the testimony and evidence establish that Petitioner is not entitled to relief because the claims raised by Petitioner were procedurally barred or meritless. These claims can be "conclusively decided on the basis of documentary testimony and evidence in the record." *See Shah*, 878 F.2d at 1160. Accordingly, the Court finds that an evidentiary hearing is not necessary here.

### D. Certificate of Appealability

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, Petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950–51 (9th Cir. 2006). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. 28 U.S.C. § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Ornoski*, 435 F.3d at 951 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, a court could

resolve the issues differently, or the questions are adequate to deserve encouragement to proceed further. *Id.*

The Court has considered the issues raised by Petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none of the issues meet that standard. The Court will therefore deny Petitioner a certificate of appealability.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate (ECF No. 498) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**DATED** this ___30___ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court