# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: 2:10-cr-236-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| JABARI L. MARSHALL, | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion to Reconsider, (ECF No. 510), filed by Petitioner Jabari L. Marshall ("Petitioner"). The Government filed a Response, (ECF No. 515),[1] and Petitioner filed a Reply, (ECF No. 516). For the reasons discussed below, Petitioner's Motion to Reconsider is **DENIED**.

## I. <u>BACKGROUND</u>

On September 26, 2013, a jury found Petitioner guilty of one count of Conspiracy to Commit Bank Fraud, Mail Fraud, and Wire Fraud in violation of 18 U.S.C. § 1349. (Jury Verdict, ECF No. 358). Petitioner subsequently filed a Notice of Appeal, (ECF No. 465), and the Ninth Circuit affirmed Petitioner's conviction in full. (Mem. Disposition at 4, ECF No. 493).

On March 28, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on three grounds: (1) Petitioner did not receive effective assistance of

---

[1] Petitioner argues that, in considering his Motion for Reconsideration, the Court should strike the Government's Response because the Government did not file it by the original deadline of September 9, 2017; and instead filed it after the Court's *sua sponte* Order extending the response deadline to April 30, 2018. (Reply at 2, ECF No. 516). However, the Court granted that extension to provide a fair opportunity for the parties to brief the issues, and the Government complied with the extended response deadline. Accordingly, for good cause appearing, the Court **DENIES** Petitioner's request to strike the Government's Response.

counsel; (2) there was insufficient evidence to convict; and (3) the Government constructively amended the indictment. (Mot. to Vacate, ECF No. 498). The Court denied Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("2255 Motion") on August 30, 2017, on all three grounds. (Order, ECF No. 509). On September 25, 2017, Petitioner filed the instant Motion to Reconsider, (ECF No. 510).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate when: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

A motion for reconsideration is not a mechanism for rearguing issues presented in the original filings. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also* D. Nev. LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."). Further, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.

## III. DISCUSSION

Petitioner presents two arguments as to why the Court should reconsider its Order, (ECF No. 509), denying Petitioner's 2255 Motion. First, Petitioner argues that the Court erred in denying his 2255 Motion because judicial estoppel applied to one of Magistrate Judge Leen's Reports and Recommendations. (Mot. to Recons. at 2–5, ECF No. 510); (Reply at 2–3,

ECF No. 516). Second, Petitioner argues that the Court did not analyze several of the Constitutional guarantees that the Government allegedly violated at his trial, including: (1) the Ex Post Facto Clause; (2) the Fifth Amendment's prohibition on constructive amendments to an indictment; and (3) the Sixth Amendment's requirement that the Government prove every element of a crime. (Mot. to Recons., ECF No. 510 at 4–5); (Reply at 5, ECF No. 516). The Court finds that neither argument warrants reconsideration of the Court's prior Order.

Petitioner's first argument contends that Magistrate Judge Leen, in a Report and Recommendation, "adopted as a preliminary matter" one of the Government's positions for the phrase "financial institution" in the Second Superseding Indictment, which affects the statute of limitations for Petitioner's charges; while the Court's later rulings adopted a different position. (Mot. to Recons. at 2–5, ECF No. 510); (Reply at 3, ECF No. 516). According to Petitioner, the Court's denial of his 2255 Motion did not consider how the Court's acceptance of a different position than the one recommended by Magistrate Judge Leen could invoke judicial estoppel principles and affect his conviction. (Mot. to Recons. at 3–4, ECF No. 510); (Reply at 3–4, ECF No 516). The Court agrees with the Government that Petitioner did not make this specific argument in his 2255 Motion, and thus waived it. *See Carroll*, 342 F.3d at 945. *Compare* (Mot. to Vacate at 9, 14–15, ECF No. 498) (arguing judicial estoppel only on the ground that the district court accepted Magistrate Judge Leen's recommendation that a ten-year statute of limitations could apply as argued by the Government, while the Government argued a different position later on); *with* (Mot. to Reconsider at 3–4, ECF No. 510) (arguing that a magistrate judge's report and recommendation warrants judicial estoppel on its own). Even if Petitioner raised this specific argument in his 2255 Motion and it is not waived, this argument fails because the Court is not required to accept a magistrate judge's report and recommendation; and, therefore, the report and recommendation has no effect until the district court takes action. *See Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir.

2009) (citing 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FED. PRAC. & PROC. CIV. (2d ed. § 3070.1, 2009)) (stating "[i]t is fundamental that [a magistrate judge's] recommendations do not become an order of the court until the district judge takes some action"); *see also* 28 U.S.C. § 636(b)(1) (explaining how the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"); *see also* D. Nev. Local R. IB 3-2(b). Judicial estoppel thus does not apply as Petitioner argues to an un-adopted, unaccepted portion of Judge Leen's Report and Recommendation, especially when that Report and Recommendation conflicts with the Court's later rulings.

Further, to the extent that Petitioner argues the Court was misled by the Government's positions on the applicable statute of limitations, Petitioner is incorrect. As the Court stated in its Order denying Petitioner's 2255 Motion, "this Court expressly declined to reach 'whether the pre- or post-2009 amendment version of 18 U.S.C. § 20 definition of 'financial institution' applies in this case.'" (*See* Order 4:4–5:11, ECF No. 509). The Court then followed that finding by stating it "did not rely on or accept the Government's allegedly inconsistent positions." (*See id.* 5:10–11). Accordingly, the Court did not misapprehend, misapply, or inconsistently permit different positions by the Government.

Petitioner's second argument contends that the Government's Second Superseding Indictment required evidence of mortgage loans obtained from financial institutions as defined by 18 U.S.C. § 20, which could only be accomplished by violating the Ex Post Facto Clause "and other Constitutional guarantees." (Mot. to Recons. at 4–5, ECF No. 510). Petitioner's arguments appear to be the same arguments addressed by the Ninth Circuit and improperly raised in the Petitioner's underlying 2255 Motion. (*See* Order 6:1–15, 7:23–8:2, ECF No. 509); *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000) ("When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim

may not be used as basis for a subsequent § 2255 petition."). However, to the extent Petitioner ambiguously intends to raise a new argument, he concedes that this second argument "is predicated on" the Court's finding that it "misapprehended the facts and positions" discussed above. (Mot. to Recons. at 5, ECF No. 510). Because the Court finds that it did not commit any misapprehensions, Petitioner's second argument necessarily fails.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration, (ECF No. 510), is **DENIED**.

**DATED** this __6__ day of December, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court