# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )    Case No.: 2:10-cr-00236-GMN-PAL-6
        vs.                         )
                                    )    **ORDER**
JABARI L. MARSHALL,                 )
                                    )
                    Defendant.      )
                                    )

Pending before the Court is Defendant Jabari L. Marshall's ("Defendant's") pro se Motion for Sentence Reduction, (ECF No. 526), which is supplemented by court-appointed counsel's Status Report, (ECF No. 538).[1]  The Government filed a Response, (ECF No. 539), and Defendant filed a Reply, (ECF No. 545).

For the reasons discussed below, the Court **DENIES** Defendant's Motion for Sentence Reduction.

## I.  BACKGROUND

On September 26, 2013, a jury found Defendant guilty on one count of Conspiracy to Commit Bank Fraud, Mail Fraud, and Wire Fraud in violation of 18 U.S.C. § 1349 (Jury Verdict, ECF No. 358); (J., ECF No. 470).  On April 14, 2014, the Court sentenced Defendant to 240 months' custody, to be followed by 3 years' Supervised Release with special conditions. (See Mins. Proceedings, ECF No. 467); (J., ECF No. 470).  Defendant is presently in custody at Nevada Southern Detention Center ("NSDC"). (*See* Reply 1:22–24, ECF No. 545).  Defendant now petitions this Court for compassionate release.

---

[1] The Court construes Defendant's Motion as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed by the Bureau of Prisons, "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021). Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, terminal illnesses and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Further, prior to reducing a sentence, U.S.S.G. § 1B1.13 directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.* The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.* The decision to grant compassionate release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

### III. DISCUSSION

As an initial matter, the Government does not dispute that Defendant properly exhausted his administrative remedies. The Court therefore limits its analysis to a discussion of whether Defendant presented "extraordinary and compelling reasons" for his release, as well as consideration of the § 3553(a) factors.

**A. Extraordinary and Compelling Reasons**

Defendant seeks early release from custody, arguing that the COVID-19 pandemic poses a severe risk to his health. (*See generally* Mot. Reduction Sentence ("Mot. Red."), ECF No. 526). Defendant claims to suffer from hypertension, arrhythmia, obesity, and elevated blood sugar with a family history of diabetes. (*Id.* at 4); (Status Report 1:20–22, ECF No. 538). Additionally, Defendant argues that NSDC is not properly equipped to handle a COVID-19 outbreak or treat inmates who contract COVID-19. (Mot. Red. at 5–7); (Marshall Decl. at 3–4, Ex. A to Status Report, ECF No. 538).

When determining if "extraordinary and compelling reasons" exist for compassionate release in light of the COVID-19 pandemic, courts have looked to the safety of the defendant's current detention institution compared to release, as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19. *See, e.g., United States v. Kauwe*, No. 3:14-cr-00044-MMD-WGC-1, 2020 WL 2926460, at *2 (D. Nev. June 3, 2020); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685, at *6 (D. Conn. Apr. 30, 2020).

Here, the Court finds that Defendant's medical conditions create a heightened risk of severe complications from COVID-19. Defendant's most recent medical records show that he has suffered from hypertension since 2012 and has "clinically severe" obesity with a body mass

index ("BMI") over 40.[2] (*See* Med. Records at 4, ECF No. 546). The current guidelines from the Centers for Disease Control and Prevention ("CDC") state that high blood pressure (hypertension) "can make you more likely to get severely ill from COVID-19." *See* CDC, "Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited Apr. 13, 2021). Further, "the risk of severe COVID-19 increases sharply with elevated BMI." *Id.* As such, Defendant's weight and hypertension increase his risk for COVID-19 complications.

However, Defendant has not shown that he faces a heightened risk of contracting COVID-19 by remaining in custody at NSDC. While Defendant points out that COVID-19 cases and deaths are "soaring" throughout the State of Nevada, Defendant only identifies five potential COVID-19 cases at NSDC, out of 600 hundred detainees, and no deaths. (Reply 4:22–5:23). Without confirming increased case numbers or an outbreak at NSDC, it is not apparent to the Court that releasing Defendant would be better for his health than remaining in his current detention institution. In sum, even though Defendant's medical conditions may foster COVID-19 complications, Defendant has not met his burden to demonstrate that "extraordinary and compelling reasons" warrant a reduction in sentence because Defendant failed to show that he faces a higher risk of contracting COVID-19 by remaining in custody.

### B. Section 3553(a) Factors

Even if Defendant had met his burden to demonstrate "extraordinary and compelling reasons" for release, the § 3553(a) factors do not weigh in his favor. A Court may only grant compassionate release if the applicable 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A). These factors include: (1) the nature and circumstances

---

[2] On June 12, 2020, Defendant weighed 303 pounds with a BMI of 42.26. (*See* Med. Records at 2, ECF No. 546).

of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

      The Government argues that the § 3553(a) factors caution against releasing Defendant because "continued incarceration is needed to protect the public, deter him from committing additional crimes, and reflect the seriousness of his offense." (Resp. 12:13–14, ECF No. 539). The Court agrees.  Defendant has consistently committed fraud-related offenses for over 20 years, even incurring two other bank fraud convictions in 2000 and 2003. (Resp. 2:4–3:18); (PSR ¶ 70–72).  Defendant was released from custody for his 2003 bank fraud conviction in May 2005, and then immediately began participating in the conspiracy for which he is presently incarcerated. (*Id.* ¶ 12, 72).  Further, Defendant was indicted in 2019 for conspiring to submit fraudulent tax returns during his current period of incarceration. (Resp. 3:16–18). (*See also* Indictment, Case No. 2:19-cr-00113-JCM-BNW-1, ECF No. 1).  Therefore, Defendant certainly continues to represent a danger to the community because of the likelihood that he will perpetuate fraudulent schemes after any early release.  Given Defendant's characteristics, the Court finds the remaining time in custody necessary, both as a deterrent and to protect the public.  Accordingly, compassionate release is not warranted.

//
//
//
//
//

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 526), is **DENIED**.

**DATED** this __19__ day of April, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court